1

2                      **UNITED STATES DISTRICT COURT**

3                         **DISTRICT OF NEVADA**

4                             **\*\*\***

5

6

7  HOME GAMBLING NETWORK, INC., *et al.,*     2:05-cv-00610-DAE-VCF

8                Plaintiffs,          **ORDER**

9  vs.

10  CHRIS PICHE, *et al.,*             **(Evidentiary Hearing Scheduled for October**

11             Defendants.    **23, 2012)**

12

13       Before the Court is the matter of *Home Gambling Network, Inc., et al v. Chris Piche, et al* (Case

14  No. 2:05-cv-00610-DAE-VCF).

15       An evidentiary hearing is set in this matter for 10:00 AM on Tuesday, October 23, 2012, in

16  Courtroom 3C.   (#286).   One question for the court to decide at this hearing is whether a certain

17  database is "corrupted" or "merely offline." (#276, p.11).

18       Docket Number 234, entitled "NOTICE of Compliance with Court Order to Deliver Database

19  (#231); and of Holding the Court's Copy of the Database Pending Further Instruction," together with the

20  attached declaration of Jacob A. Reynolds (#234 Exhibit 2), filed in this action on January 4, 2010,

21  establish the following:

22       (a).     On September 8, 2009, Mr. Reynolds marked and sealed, in their original boxes, three

23  external hard drives containing mirror images of the database at issue.

24       (b).     The boxes were designated:  Plaintiffs' Counsel, Defendants' Counsel and Court.

25

(c).    On December 29, 2009, in the presence of Craig A. Marquiz, Mr. Reynolds had the three boxed hard drives sealed in envelopes; Mr. Marquiz chose one of the envelopes for plaintiffs' use; and Mr. Reynolds chose one for defendants' use.

(d).    The third envelope, containing a hard drive with a mirror image of the data base at issue has remained in Mr. Reynolds' custody for delivery to the Court at a later date.

IT IS HEREBY ORDERED that:

1.    At 10:00 AM on October 23, 2012, defendants must deliver the third hard drive designated for later delivery to the court, in its sealed envelope and box, to the Courtroom Administrator in Courtroom 3C.

2.    Plaintiffs must bring to the evidentiary hearing the hard drive described in Mr. Reynolds' affidavit (#234 Exhibit 2) with the mirror image of the database at issue.

3.    Defendants must bring to the evidentiary hearing the hard drive described in Mr. Reynolds' affidavit (#234 Exhibit 2) with the mirror image of the database at issue.

4.    Both sides must bring equipment and technicians to operate the databases so that the court can observe the basis for Plaintiffs' claim that the database is corrupted and Defendants' claim that it is merely offline.

DATED this 18th day of October, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

2