# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| HOME GAMBLING NETWORK, INC., *et al.*, | 2:05-cv-00610-DAE-VCF |
| Plaintiffs, | **ORDER** |
| vs. | |
| CHRIS PICHE, *et al.*, | **(Re: Evidentiary Hearing Scheduled for October 23, 2012)** |
| Defendants. | |

Before the Court is the matter of *Home Gambling Network, Inc. et al. v. Chris Piche, et al.* (Case No. 2:05-cv-00610-DAE-VCF). In light of the letter received from Mr. Jacob A. Reynolds (#296 & #297)[1], a telephonic hearing was scheduled for 9:45 a.m., October 19, 2012 in Courtroom 3D. (#298).

**Relevant Background:**

On May 14, 2012, Judge David Ezra issued an order vacating Magistrate Judge Leavitt's R&R (#262) and remanding the matter to the undersigned Magistrate Judge to conduct an evidentiary hearing. (#276). On June 7, 2012, the undersigned Magistrate Judge issued a minute order scheduling an Evidentiary Hearing for July 25, 2012. (#277). The minute order also scheduled a Pre-Evidentiary Hearing for the purpose of establishing procedures for the Evidentiary Hearing. *Id.* The court conducted the Pre-Evidentiary hearing on June 20, 2012, and issued an order establishing deadlines for the Joint Pre-Hearing Statement, Plaintiffs' Opening Brief, Defendants' Response, and Plaintiffs' Reply.

---

[1] On October 18, 2012, the undersigned's chambers received a faxed letter from Mr. Reynolds and had the clerk's office upload the letter to the court's docket. (#297). Mr. Reynolds also filed the letter with the court. (#296).

(#278). The Evidentiary Hearing scheduled for July 25, 2012, was vacated and rescheduled for September 26, 2012. *Id.* Plaintiffs filed their Joint Pre-Hearing Statement (#281) on July 18, 2012, and their Opening Brief on July 25, 2012 (#283). On July 26, 2012, Plaintiffs filed the Notice of Filing Evidence to be Considered at the Second Evidentiary Hearing. (#284). On August 17, 2012, the parties filed a Stipulation Concerning Re-Scheduling Hearing Set for September 26, 2012. (#285). The Court signed the stipulation and re-scheduled the Evidentiary Hearing for October 23, 2012. (#286).

On October 18, 2012, the Court ordered Plaintiffs and Defendants to bring to the Evidentiary Hearing on October 23, 2012, the hard drives described in Mr. Reynolds' affidavit (#234 Exhibit 2), operating equipment for the hard drives, and technicians to operate the databases so that the Court can observe the basis for both parties' claims. (#295). The court also ordered the defendants to "deliver the third hard drive designated for later delivery to the court, in its sealed envelope and box, to the Courtroom Administrator" on October 23, 2012. *Id.* On the same day, the Court received a fax from Mr. Reynolds requesting an emergency telephonic hearing to resolve the issue of having a technician present at the Evidentiary Hearing. (#296 & 297). In Mr. Reynolds' letter, he states that "Defendants instructed Sverchov that he no longer needed to apply for a Visa to appear at the upcoming hearing. Now, with just three days notice, Defendants will not be able to have Defendants' technicians present at the Hearing." *Id.* Pursuant to Mr. Reynolds' request (#296 & 297), the Court held a telephonic hearing on October 19, 2012. (#298).

At the hearing, Mr. Reynolds informed the Court that Sergey Sverchov who handles database concerns, will not be to appear in person, in Court, for the Evidentiary Hearing on October 23, 2012. *Id.* Mr. Reynolds stated that although Mr. Sverchov lives in Belarus and may not be able to obtain a Visa on short notice, he is available by telephone and, if the Court permits, can connect via remote access over the internet to demonstrate the database. *Id.* Defendants are willing to bring in Mr. Rich Vermoni, a

technician/expert in town who is able to work the database, to the Evidentiary Hearing. *Id.* Defendants stated that they still request that Mr. Sverchov appear via remote access, as it is Mr. Sverchov's declaration that is on file. *Id.*

Plaintiffs' counsel, Mr. Leach, stated that given the short notice, it is impossible for the Plaintiffs to have anyone available to make expert rebuttals at the Evidentiary Hearing on October 23, 2012. *Id.* Plaintiffs assert that their outside expert, Chris Biel, is currently out of the country in the Cayman Islands, and that they do not know when he will be back in the country. *Id.* Since Mr. Biel is not available for the Evidentiary Hearing, plaintiffs object to Defendants having a technician at the hearing on October 23, 2012. *Id.* At the conclusion of the hearing, the parties inquired if they may introduce new evidence at the Evidentiary Hearing. *Id.*

After the telephonic hearing, the undersigned's chambers received the third hard drive in its sealed envelope and box.

**Discussion**

Pursuant to the June 20, 2012, order (#278) and in compliance with Judge Ezra's order (#277), the categories of evidence for the Evidentiary Hearing are limited as follows: (1) the evidence that was before Magistrate Judge Leavitt when he ruled on the motion for terminating sanctions; (2) the additional evidence submitted in support of and in opposition to defendants' objections to the magistrate's R&R; and (3) the evidence proffered at the March 23, 2012, hearing on defendants' objections. The court recognizes the need for both parties' experts to be present via telephone or in person for the Evidentiary Hearing.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that the Evidentiary Hearing scheduled for October 23, 2012, is VACATED.  The parties must meet and confer to agree upon a new date(s) for the Evidentiary Hearing and must file a stipulation with the court by October 26, 2012, providing such date(s).

IT IS FURTHER ORDERED that no new categories of evidence may be introduced at the rescheduled Evidentiary Hearing.

IT IS FURTHER ORDERED that the Court would prefer Mr. Sverchov and Mr. Rick Vermoni to be present at the rescheduled Evidentiary Hearing.

DATED this 22th day of October, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE