**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| HOME GAMBLING NETWORK, INC., *et al.,* | 2:05-cv-00610-DAE-VCF |
| Plaintiffs, | **ORDER** |
| vs. | |
| CHRIS PICHE, *et al.,* | |
| Defendants. | |

Before the court is Defendants' Motion to Compel Compliance with Court's Protective Order (#233)(#349). Plaintiffs filed a response (#354), and Defendants filed a reply (#355).

On September 30, 2013, The Honorable David A. Ezra, District Judge, entered an Order (#333) granting Defendants' Motion for Summary Judgment (#312) and denying Plaintiffs' Motion to Defer Defendants' Motion for Summary Judgment (#323). Judgment was entered accordingly in favor of defendants on that same day (#334). On October 30, 2013, Plaintiffs filed a notice of appeal from the Judgment (#342).

Defendants now seek enforcement of paragraph 4 of the Protective Order for CWC Defendants' Database (#233) entered by the Honorable Lawrence R. Leavitt, Magistrate Judge. That paragraph requires:

> 4. All copies of the Database, and reports and information generated from the Database, shall be returned with the originally produced Database to defendants' counsel, within thirty (30) days, after Judgment in this action is entered. If any of the information or reports gathered or generated from the Database were stored electronically, that information and those reports shall be deleted irrecoverably from the electronic storage

device, and an affidavit from the person who deletes the information and an affidavit of plaintiffs' counsel regarding the sufficiency of the deletion shall also be served on defendants' counsel within thirty (30) days after Judgment in this action is entered.

In effect, Plaintiff's response to defendant's motion requests a stay of the enforcement of this paragraph. Plaintiff argues, "The return of the evidence subject to the Court's protective order can abide the appeal, and once the case *finally* concludes, the information will be returned." (#354, p. 2 of 13, lines 7-9. Emphasis original.)

Although an appeal has been filed, this court retains jurisdiction during the pendency of that appeal to act to preserve the status quo. *Small v. Operative Plasterers' and Cement Masons' International Ass'n Local 200, AFL-CIO*, 610 F.3d 483 (9th Cir. 2010). The Protective Order at issue (#233) is not implicated in the appeal and this court has inherent power to modify the Protective Order to continue the status quo until the dispute has been finally resolved. 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2904 (3d ed. 2012).

The court will consider the following factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured by enforcement of paragraph 4; (3) whether staying enforcement of paragraph 4 will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

While likelihood of success on the merits appears problematic, all three other factors weigh in favor of a stay. There is no evidence that in the years that have elapsed since the information at issue was produced that plaintiffs have done anything to violate the protective order. Therefore, delaying compliance with paragraph 4 will not substantially injure defendants or any other parties interested in this case. Plaintiff would be irreparably harmed if they gave up custody of the evidence at issue together with their work product and then the appellate court's ruling vacated the current judgment of this court. The public interest is served by preserving the opportunity of a fair trial, should the matter be reversed and remanded.

1   Accordingly,

2   IT IS HEREBY ORDERED that the Motion to Compel Compliance with Court's Protective
3   Order (#349) is DENIED.

4   IT IS FURTHER ORDERED that Plaintiffs' compliance with paragraph 4 of the Protective
5   Order for CWC Defendants' Database (#233) is stayed pending appeal.  Plaintiffs shall complete the
6   requirements of paragraph 4 either: (1) thirty days after all appeals of this court's Judgment (#334) have
7   been exhausted and the Judgment (#334) is affirmed, or (2) if the Judgment (#334)is reversed and the
8   case is remanded, thirty days after the conclusion of all further proceedings, including additional
9   appeals, if any.

10   DATED this 3rd day of January, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE