IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| HOME GAMBLING NETWORK, INC., et al., | § § § | No. 2:05-CV-610-DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| CHRIS PICHE, et al., | § § | |
| Defendants. | § § § | |
| _____§ | | |

<u>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION</u>

Before the Court is the Motion for Reconsideration (Dkt. # 375) brought by Plaintiffs Home Gambling Network, Inc. and Mel Molnick (collectively, "Plaintiffs"). Pursuant to Local Rule 78-2, the Court finds this matter suitable for disposition without a hearing. After reviewing the Motion and the supporting and opposing memoranda, the Court **DENIES** Plaintiffs' Motion for Reconsideration.

<u>BACKGROUND</u>

On September 30, 2013, more than seven years after the filing of the Plaintiffs' First Amended Complaint, this Court granted Defendants' Motion for

Summary Judgment in its entirety, dismissing all of Plaintiffs' claims.[1]   (Dkt.

# 333.)   In relevant part, the Court concluded that (1) there was no liability under

35 U.S.C. § 271(a) because at least one of the method steps was performed outside

the United States (id. at 16); (2) there was no inducement to infringe the patent

because there was no direct infringement of a patent (id.); (3) Defendants did not

infringe the Method Patent by operating a website and licensing software that

permitted sports betting, lottery, keno, and bingo games because these activities are

excluded from the Method Patent pursuant to the prosecution history disclaimer

(id. at 23); and (4) there was no contractual liability of Defendants because the

HGN Contract did not prevent CWC from licensing the CWC Software to third

parties for bingo, keno, lottery or sporting events (id. at 25).   Importantly, the

Court found that Plaintiffs purposefully attempted to exclude subject matter that

was beyond the scope of the Method Patent from the license granted to CWC, so

that they could license that subject matter to others for money.[2]   (Id. at 26.)

On October 24, 2013, Defendants filed a Motion for Attorney Fees

and Costs (Dkt. # 337), arguing they are entitled to a total award of $1,806,416.59.

---

[1] The Court's May 22, 2014 Order Granting Attorneys' Fees and Costs (Dkt.
# 367) provides a detailed recitation of the factual and procedural history of this
case; thus, the Court will not re-state that information here.

[2]  The Court's Order was affirmed by the Federal Circuit in a Judgment entered
June 9, 2014.   (See Dkt. # 369 (Judgment of United States Court of Appeals for
the Federal Circuit).)

(Id. at 1.)    Defendants argued that (1) this case is an "exceptional" case, entitling them to attorneys' fees pursuant to 35 U.S.C. § 285; (2) they are entitled to their attorneys' fees, costs and double damages under the patent license agreement; and (3) the attorneys' fees, costs, and damages claimed are reasonable.    (Id.)

Plaintiffs responded (Dkt. # 347), arguing (1) this case does not meet the "objectively baseless" standard required for an award of attorney fees under 35 U.S.C. § 285, and (2) Defendants did not meet their burden of establishing an exceptional case by clear and convincing evidence.    (Id.)

On April 29, 2014, approximately two weeks before the scheduled hearing on the Motion for Attorneys' Fees, the United States Supreme Court issued Octane Fitness, LLC v. Icon Health & Fitness, Inc., No. 12-1184, 134 S. Ct. 1749 (Apr. 29, 2014) and Highmark Inc. v. Allcare Management System, Inc., No. 12-1163, 134 S. Ct. 1744 (Apr. 29, 2014), changing the standard under which a case is found to be "exceptional" under 35 U.S.C. § 285.    In light of the Supreme Court's decisions, the Court ordered the parties to submit simultaneous supplemental briefing, which the Court considered in conjunction with the original motions.

On May 22, 2014, the Court issued an Order Granting Defendants' Motion for Attorneys' Fees, concluding that based on the totality of the circumstances, this is an "exceptional case" under 35 U.S.C. § 285.    (Dkt. # 367.)

3

Specifically, the Court found that the totality of the circumstances warranted a finding of "exceptionality" in this case because (1) Plaintiffs alleged in their amended complaint that live casinos were located outside the United States in Costa Rica despite controlling Federal Circuit law holding that an infringement of a method patent could not lie unless all steps were performed in the United States; (2) Plaintiffs attempted to sue for infringement of a patent that they did not own and in fact voluntarily relinquished years earlier; and (3) Plaintiffs engaged in patent misuse by purposefully attempting to limit Defendants' usage of subject matter that was beyond the scope of the Method Patent from the license granted to CWC, so that they could license that subject matter to others for money.[3]   (Id. at 22.)

Because Plaintiffs did not specifically object to any of Defendants' calculations regarding either the amount of attorneys' fees awarded under § 285 or the amount of damages under the contract, instead remaining steadfast in their opposition to Defendants receiving any fees whatsoever, the Court, in light of its earlier conclusion that Defendants are entitled to attorneys' fees and damages, ordered the parties to submit briefing on the issue of the reasonableness of attorneys' fees and the amount of damages.   (Id. at 29.)

---

[3]  Additionally, the Court concluded that Defendants, as the prevailing party, are entitled to recover "reasonable attorney's fees, court costs and double damages" pursuant to the licensing agreement between the parties.   (Dkt. # 367 at 29.)

On July 8, 2014, Plaintiffs timely filed their supplemental brief. (Dkt. # 374.)   However, on July 9, 2014, Plaintiffs also filed a "Supplemental Brief Requesting Reconsideration of the Court's Finding On An 'Exceptional' Case."   (Dkt. # 374.)   The Court then issued an Order clarifying the supplemental briefing schedule ordered by the Court, stating that to the extent Plaintiffs' motion requesting reconsideration is labeled a "supplemental brief," that designation was incorrect because the Court very clearly requested supplemental briefing <u>only</u> on Defendants' calculations as set forth in their original Motion for Attorney Fees.   (Dkt. # 382.)   However, the Court concluded that Plaintiffs' "supplemental brief" requesting reconsideration would be construed as a Motion for Reconsideration, to which Defendants could respond in a separate response within the time limits as set forth by the Local Rules.   (<u>Id.</u> at 3.)

Plaintiffs' Motion, construed as Motion for Reconsideration, is now before the Court.   Defendants have filed a Response in opposition to Defendants' Motion for Reconsideration (Dkt. # 385), and Plaintiffs have filed a Reply (Dkt. # 388).

## ANALYSIS

I.   <u>Motion for Reconsideration</u>

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."   <u>City</u>

5

of L.A., Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 888 (9th Cir.2001) (internal citation omitted).   The Court should only grant motions for reconsideration when the moving party presents a valid reason for reconsideration and the facts or law strongly support reversing the prior decision.   Frasure v. United States, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003).   The Ninth Circuit has recognized three circumstances in which a district court should grant a motion for reconsideration: "if the district court (1) is presented with newly discovered evidence, (2) has committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law."   Nunes v. Ashcroft, 375 F.3d 805, 807–08 (9th Cir.2004) (quoting Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993)).

The Federal Rules of Civil Procedure do not contain a provision governing the review of interlocutory orders.   However, "[a]s long as a district court has jurisdiction over the over the case, then it possesses the inherent procedure power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."   City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001).

Other districts within the Ninth Circuit have adopted local rules governing reconsideration of interlocutory orders; however, the District of Nevada has not done so.   See McGee v. Donahoe, No. 2:13-CV-1426-RFB-VCF, 2014 WL

6

43844985, at *2 (D. Nev. Sept. 4, 2014).   "Rather, this district has used the standard for a motion to alter or amend judgment under Rule 59(e)."  Id. (citing Henry v. Rizzolo, No. 8-00635, 2010 WL 3636278, at *1 (D. Nev. Sept. 10, 2010)).

Thus, in the District of Nevada, a motion for reconsideration must set forth: "(1) some valid reason why the court should revisit its prior order, and (2) facts or law of a 'strongly convincing nature' in support of reversing the prior decision."  Id. (citing Henry, 2010 WL 3636278, at *1) (emphasis added): see also Frasure v. United States, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (using same standard in motion for reconsideration of district court's denial of defendant's motion to dismiss); Fetrow-Fix v. Harrah's Entm't, Inc., No. 2:10-CV-00560-RLH, 2011 WL 2313650, at *1-2 (D. Nev. June 9, 2011).   Additionally, reconsideration is appropriate if the court is "(1) presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  Henry, 2010 WL 3636278, at *1; see also Nunes, 375 F.3d at 807–08; Frasure, 256 F. Supp. 2d at 1183.

However, "[a] motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented." Fetrow-Fix, 2011 WL 2313650, at *1–2 (citing Merozoite v. Thorp, 52 F.3d 252, 255 (9th Cir.1995); Khan v. Fasano, 194 F.Supp.2d 1134, 1136 (S.D.Cal.2001) ("A

7

party cannot have relief under this rule merely because he or she is unhappy with the judgment.")).

Plaintiffs argue the Court should reconsider its decision that this case is "exceptional" because (1) the Court decided that the case was "exceptional" under the dramatically changed standard set by the Supreme Court without allowing Plaintiffs to revise their opposition; (2) despite the Court's prior rulings, Plaintiffs had a good faith basis for maintaining the lawsuit because it was supported by controlling Federal Circuit's law at the time the case was initially filed; (3) Plaintiffs did not have an opportunity to set forth their theory of infringement in detail; and (4) although the case has been decided against Plaintiffs on the merits, the Court should consider the patent claim construction contentions and theory of infringement that Plaintiffs intended to present at a patent claim construction hearing.   (Dkt. # 375 at 1–2.)   The Court will address each of their arguments in turn, keeping in mind the standard under which reconsideration is warranted.

A.   <u>No opportunity to revise their opposition</u>

Plaintiffs first argue that the Court decided this case was "exceptional" under the "dramatically changed standard" set forth by the Supreme Court in <u>Octane</u> and <u>Highmark</u> without allowing Plaintiffs an opportunity to revise their opposition in response to those two cases.   (Dkt. # 375 at 2.)   This assertion, however, is patently false.

8

On April 29, 2014, in light of the Supreme Court's issuance of the opinions in Octane and Highmark, the Court, sua sponte on that very same day, issued an Order directing the parties to file supplemental briefing specifically addressing those opinions.   (Dkt. # 358.)   On May 6, 2014, Plaintiffs filed their Supplemental Briefing Concerning Motion for Attorneys' Fees.   (Dkt. # 360.) Although Plaintiffs argued in their supplemental brief that they "should be given a fair opportunity to re-submit their opposition to the motion," Plaintiffs failed to recognize that, in fact, the Court already had provided that opportunity to them by requesting supplemental briefs.   That Plaintiffs failed to adequately seize upon that opportunity (instead choosing to focus the majority of their supplemental brief on other extraneous issues) does not mean that they were not provided with an opportunity to address the Octane and Highmark opinions.   The Court **DENIES** reconsideration on this point.

  B. <u>Good faith basis for maintaining the suit</u>

   Next, Plaintiffs argue that this case was filed in good faith.   (Dkt. #375 at 4.)   Specifically, Plaintiffs assert that at the time they filed the instant case, the "governing law fully supported Plaintiffs' theory of infringement" because the first opinion in NTP, Inc. v. Research in Motion, Ltd., 392 F.3d 1336 (Fed. Cir. 2004), withdrawn and superseded on rehearing by, NTP, Inc. v. Research in Motion, Ltd., 418 F.23d 1282 (Fed. Cir. 2005), published on December 14, 2004, was the

governing law until it was withdrawn on August 2, 2005, which occurred <u>after</u> this case was filed.   However, this argument is wholly without merit and moreover demonstrates a complete lack of candor with the Court.

In the Order Granting Attorneys' Fees, the Court discussed <u>NTP</u> and its effect on the validity of Plaintiffs' claims.   While Plaintiffs are correct that they filed their Complaint prior to the August 2, 2005 withdrawal of the decision in <u>NTP</u> and resulting change in law, they fail to mention that, as discussed in the Court's Order, Plaintiffs' filed a First Amended Complaint on July 10, 2006, nearly <u>one year after</u> Federal Circuit's August 2, 2005 Opinion in <u>NTP</u>.

The August 2, 2005 <u>NTP</u> holding held that conduct occurring outside of the United States cannot infringe a method covered by a United States patent; this was controlling law <u>prior to</u> the filing of Plaintiffs' July 10, 2006 First Amended Complaint.   In the First Amended Complaint, Plaintiffs never contested that portions of Defendants' operations were conducted outside the United States in Costa Rica.   Thus, as pointed out in the Court's Order granting Defendants' Motion for Summary Judgment, Plaintiffs should have known that no cause of action for patent infringement could lie in this case pursuant to <u>NTP</u>.

Plaintiffs attempt to justify this action by arguing that the case was <u>initially</u> filed in good faith; however, that the case was initially filed in good faith in no way excuses filing an Amended Complaint after the law was changed, directly

10

affecting Plaintiffs' claims.   Indeed, Plaintiffs even acknowledge this in their

Motion for Reconsideration, stating: "Indeed, the law was changed after the

complaint was filed.   But the fact remains that no one can contend that this case was

<u>commenced</u> in bad faith, or that the patent suit was unwarranted <u>when it was filed</u>."

(Dkt. # 375 at 5.)   Plaintiffs then cite <u>Bianco v. Globus Medical, Inc.</u>, No.

2-12-cv-00147-WCB, 2014WL 1904228, at *3 (E.D. Tex. May 12, 2014), for the

proposition that "a party may not be chargeable with anticipating unexpected

changes in the law."   While that may indeed be true, the issue here is not with the

original Complaint that which may have been filed in good faith, but with the

Amended Complaint that was filed in contravention of established controlling law

that was in effect at the time it was filed.

Because it is apparent Plaintiffs' counsel may have overlooked it, the

mandate of Rule 11 of the Federal Rules of Civil Procedure is provided here:

> Representations to the Court.   By presenting to the court a pleading,
> written motion, or other paper – whether be signing, filing, submitting,
> or later advocating it – an attorney . . . certifies that to the best of the
> person's knowledge, information, and belief, formed after an inquiry
> reasonable under the circumstances:
>
> > (2) <u>the claims, defenses, and other legal contentions are</u>
> > <u>warranted by existing law</u> . . . .

Fed. R. Civ. P. 11 (emphasis added).   Rule 11 applies equally to original

Complaints as well as to all other "pleading[s], written motion[s], or other paper[s]"

submitted to the Court, including Amended Complaints.

Based on the foregoing, the Court **DENIES** reconsideration on this point.

C.   No opportunity to set forth theory of infringement in detail

Next, Defendants argue that reconsideration is appropriate because they did not have an opportunity to set forth their theory of infringement in detail. (Dkt. # 375 at 2.)   Specifically, Plaintiffs assert that they had expected they would have an opportunity to present their detailed patent claim construction contentions in a Markman patent claim construction hearing.   Plaintiffs argue that given the timing of the Defendants' summary judgment motion on the grounds that one step of the patented method, step (ix), was not performed in the United States, Plaintiffs did not have an opportunity to go through every step in the patent claim and present the details of their theory of infringement.   (Dkt. # 375 at 3.)

When Defendants moved for summary judgment nearly six years after their first Motion for Summary Judgment was partially denied in order to permit the parties to engage in further discovery, Defendants contended that "the record [was] ripe for summary judgment on the remaining counts of the Complaint."   (Dkt. # 312 at 2.)   Concluding there was no genuine issue as to any material fact, the Court granted Defendant's' Motion for Summary Judgment in its entirety.   If the Court had felt it necessary, it would have allowed further discovery, as it did after it

12

partially denied Defendants' first Motion for Summary Judgment to permit further discovery.   (Dkt. # 143.)    However, although Plaintiffs asserted in their response to Defendants' second Motion for Summary Judgment that "[d]iscovery is need[ed] to prove instances of infringement that occurred in the United States," (Dkt. # 323 at 30), the Court specifically concluded that "it is clear that additional discovery will not alter the outcome of this case."   (Dkt. # 333 at 30.)

Plaintiffs have not demonstrated any substantial reason why this portion of the Court's ruling should be disturbed.   Plaintiffs were not granted additional discovery for a second time because the Court concluded that no additional discovery would alter the outcome of this case; thus, their request for reconsideration on the basis that they did not have an opportunity for additional discovery (nearly eight years after the case was commenced) is **DENIED**.

D.   <u>In deciding whether attorneys' fees were warranted, the Court should have considered the patent claim construction and theory of infringement that Plaintiffs intended to present at a patent claim construction hearing</u>

Because Plaintiffs assert they did not have an opportunity to present their patent claim construction arguments in detail, Plaintiffs next ask the Court to reconsider the determination that this is an "exceptional" case in view of the detailed patent claim construction arguments that Plaintiffs <u>would have offered</u> had there been a <u>Markman</u> hearing on patent claim construction.   (Dkt. # 375 at 3.)

Plaintiffs argue that Defendants' summary judgment motion was based on <u>where</u> they allegedly performed the method steps and not on <u>whether</u> they performed the steps of the patented method; however, if Defendants "had not convinced the Court that they successfully evaded the territorial reach of the United States patent laws," Plaintiffs argue that it would be shown that they <u>would have</u> infringed the patent. (<u>Id.</u>)

Plaintiffs go into considerable detail regarding their hypothetical patent claim construction contentions.   (<u>See id.</u> at 6–15.)   Defendants point out that Plaintiffs fail to explain why they did not put these arguments in their opposition to the Motion for Attorneys' Fees in the first place.   (Dkt. # 385 at 5.)   Defendants argue that at the time Plaintiffs filed their response to Defendants' Motion for Attorneys' Fees, it was clear that summary judgment had long since been granted and that no <u>Markman</u> hearing would be held—thus, there is no explanation why these arguments Plaintiffs attempt to now assert could not have been presented to and considered by the Court in their original response to the attorneys' fees motion. Citing to Rule 60(b)[4] of the Rules of Federal Civil Procedure, Defendants argue that

---

4  Rule 60 provides limited grounds for relief from an order:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

these grounds for reconsideration are not proper under Rule 60(b).   (Dkt. # 385 at 5.)

Plaintiffs reply that this is not a Rule 60(b) motion, but rather is addressed to the Court's inherent power to reconsider and modify an interlocutory order.   Indeed, as stated above, the Federal Rules of Civil Procedure do not contain a provision governing the review of interlocutory orders, and the District of Nevada has not adopted local rules regarding review of such orders.   <u>See</u> <u>McGee</u>, 2014 WL 43844985, at *2.   Thus, this district has used the standard for a motion to alter or amend judgment under Rule 59(e), <u>id.</u>, and the motion for reconsideration must therefore set forth: "(1) some valid reason why the court should revisit its prior order, <u>and</u> (2) facts or law of a 'strongly convincing nature' in support of reversing

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to more for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been revered or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

15

the prior decision."[5]  Id. (citing Henry, 2010 WL 3636278, at *1) (emphasis added).[6]  The Court concludes Plaintiffs have failed to meet his standard.

Plaintiffs provide a detailed discussion of how their patent infringement contentions were made in good faith and how, if there had been more discovery, their patent claim construction contentions would have shown direct infringement by players in the United States, thus rendering Defendants liable for inducing that direct infringement.  (Dkt. # 375 at 15.)  These contentions, however, belie what actually occurred in this case and what was decided by the Court on summary judgment (and later affirmed by the Federal Circuit).

First, although Plaintiffs contend that the Court "apparently misunderstood" their argument that Defendants induced the direct infringement by

---

[5]  Additionally, as discussed above, reconsideration is appropriate if the court is "(1) presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  Henry, 2010 WL 3636278, at *1.  However, with regards to Plaintiffs' argument on their hypothetical patent claim construction contentions that would have been developed with more discovery had the case not been decided against them on summary judgment, that argument does not fit in any of these three categories for when reconsideration is appropriate—it is not based on newly discovered evidence, does not demonstrate the Court committed clear error or the initial decision was manifestly unjust, nor is it based on an intervening change in controlling law.  See McGee, 2014 WL 43844985, at *2.

[6]  Considering this broader standard of review for reconsideration of interlocutory orders, the Court will consider the substance of Plaintiffs' arguments for reconsideration regarding the patent claim construction arguments that would have been presented, despite that Plaintiffs failed to assert these arguments in their opposition to the Motion for Attorneys' Fees in the first place.

players who perform steps in the United States in granting summary judgment, the Court's Order and the parties' arguments reflect otherwise.

In the Court's Order Granting Summary Judgment, the Court noted that there was no liability for direct infringement under 35 U.S.C. § 271(a) because at least one of the method steps was performed outside the United States.   (Dkt. # 333 at 17.)   Specifically, the Court concluded that there could be no direct infringement by either Defendants <u>or</u> users in the United States.   The Court noted:

> Plaintiffs do not argue that CWC's Live Casino and servers were located anywhere other than Costa Rica or that interaction with the Live Casino and servers was not a necessary step in carrying out the Method Patent.   Thus, to the extent Plaintiffs assert that "Defendants have, in instances where users in the United States have gambled online using the CWC system, induced parties to <u>collectively perform all of the steps</u> of the claimed method in the United States," this statement is not supported by the evidence.[7]

(<u>Id.</u>)   Accordingly, the Court has already considered and rejected Plaintiffs' argument that Defendants induced infringement in those scenarios where users in the United States performed the steps of the method patent.[8]   Plaintiffs subsequently

---

[7] The Court further concluded, "[m]oreover, to the extent Plaintiffs contend that acts of inducement may be performed outside the United States, this argument is unavailing in this case because there is no collection of acts leading to <u>direct</u> infringement.   Accordingly, there can be no liability for <u>inducement</u> to infringement."   (Dkt. # 333 at 17–18.)

[8]  Plaintiffs made this same argument in their response to Defendants' Motion for Summary Judgment, arguing: "In this case, Defendants have, in instances where users in the United States have gambled online using the CWC system, induced

appealed the Court's Order Granting Defendants' Motion for Summary Judgment and the Judgment in favor of Defendants (Dkt. # 342), which the Federal Circuit affirmed in all respects (Dkt. # 369).

"A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." U.S. Aviation Underwriters, Inc. v. WesAir, LLC, No. 208-CV-00891-PMP-LRL, 2010 WL 1462707, at *2 (D. Nev. Apr. 12, 2010).   Therefore, the Court **DENIES** reconsideration on the basis that the Court should have considered patent claim construction contentions and theories of infringement that Plaintiffs would have presented[9] at a patent claim construction hearing—Plaintiffs' arguments regarding Defendants' inducement to infringe based upon United States users' direct infringement of the method patent were considered and rejected by this Court in its Order Granting Defendants' Motion for Summary Judgment.

In any event, the Court ultimately decided that this case was

---

other parties to collectively perform all of the steps in the claimed method in the United States, even if no single party has performed all of the steps itself."   (Dkt. # 323 at 12.)

[9] The Court notes that all of Plaintiffs' hypothetical arguments asserted in their Motion for Reconsideration are just that—hypothetical.   As the Court concluded in granting summary judgment, "additional discovery will not alter the outcome of this case."   (Dkt. # 333 at 30.)   Thus, the Court concluded at that time that no amount of discovery would support Plaintiffs' contentions; the Court sees no reason to revisit the issue now.

"exceptional" based on the totality of the circumstances, specifically that:

(1) Plaintiffs alleged in their amended complaint that live casinos were located outside the United States in Costa Rica despite controlling Federal Circuit law holding that an infringement of a method patent could not lie unless all steps were performed in the United States; (2) Plaintiffs attempted to sue for infringement of a patent that they did not own and in fact voluntarily relinquished years earlier; and (3) Plaintiffs engaged in patent misuse by purposefully attempting to limit Defendants' usage of subject matter that was beyond the scope of the Method Patent from the license granted to CWC, so that they could license that subject matter to others for money.   (Dkt. # 367 at 22.)   Plaintiff's argument asserted here—that their inducement to infringement claims <u>may</u> have been demonstrated to have merit with further discovery—does not detract from the Court's findings in its Order Granting Motion for Attorneys' Fees and as listed above.   Accordingly, Plaintiffs fails to demonstrate how these facts are of a 'strongly convincing nature' such to support a reversal of the Court's decision on attorneys' fees.   See <u>McGee</u>, 2014 WL 43844985, at *2.

<u>CONCLUSION</u>

Based on the foregoing, Plaintiffs' Motion for Reconsideration (Dkt. # 375) is **DENIED**.   Because of the amount of fees, damages, and costs requested by Defendants, and in fairness to both parties, the Court will hear oral argument on the issue of the amount of damages and the reasonableness of the amount of fees and costs requested.   A hearing date will be set by the Court at a time convenient to the parties and to the Court.

IT IS SO ORDERED.

Dated: Las Vegas, Nevada, November 4, 2014.

_____

David Alan Ezra
Senior United States Distict Judge